UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BOBBY DWAYNE POWERS,

       Petitioner,

v.                        Case No: 2:11-cv-702-FtM-29CM

SECRETARY, DOC and FLORIDA
ATTORNEY GENERAL,

       Respondents.

_____

## OPINION AND ORDER

Petitioner Bobby Dwayne Powers (hereinafter "Petitioner" or "Defendant") initiated this action proceeding *pro se* by filing a timely petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on December 13, 2011,[1] challenging his February 5, 2008 judgment of conviction in case number 07-cf-017712 entered in the Twentieth Judicial Circuit in Lee County, Florida (Doc. #1).[2] Petitioner is currently serving a five-year sentence on the grand theft conviction and fifteen-years on the burglary of a dwelling conviction. Id. The petition raises two grounds of ineffective

_____

[1] The Court applies the "mailbox rule" and deems the Petition "filed on the date it was delivered to prison authorities for mailing." Alexander v. Sec'y Dep't of Corr., 523 F.3d 1291, 1294 n.4 (11th Cir. 2008).

[2] A jury found Petitioner guilty of grand theft of a firearm and burglary of a dwelling. Petition at 1. Respondent concedes that the instant petition is timely filed pursuant to § 2244(d), Response at 10. The Court agrees.

assistance of counsel, both of which relate to the victim's out-of-court identification of Petitioner as the burglar.   Respondent[3] filed a response (Doc. #10) opposing the relief requested in the petition and attached supporting exhibits consisting of pertinent trial transcripts and postconviction records.   Petitioner filed a reply (Doc. #14).   This matter is ripe for review.

## I.  Applicable § 2254 Law

### A.  Deferential Review Required By AEDPA

Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996).   See Abdul-Kabir v. Quarterman, 550 U.S. 233, 246 (2007); Penry v. Johnson, 532 U.S.

---

[3] Petitioner names two Respondents (the Secretary of the Florida Department of Corrections and the Florida Attorney General).   Petition at 1.   Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts (hereinafter the "Rules") provides that applicants in "present custody" seeking habeas relief should name "the state officer having custody of the applicant as respondent."   The Supreme Court has made clear that there "is generally only one proper respondent to a given prisoner's habeas petition."   Rumsfield v. Padilla, 542 U.S. 426, 435 (2004).   This is "the person with the ability to produce the prisoner's body before the habeas court.'"   Id. at 435-436.   When the petition is incarcerated and challenges his present physical confinement "the proper respondent is the warden of the facility where the prisoner is being held, not the attorney general or some other remote supervisory official."   Id. at 436 (citations omitted).   Alternatively, the chief officer in charge of the state penal institution is also recognized as the proper named respondent.   Rule 2(a), Sanders v. Bennet, 148 F.2d 19 (D.C. Cir. 1945).   In Florida, the proper respondent in this action is the Secretary of the Florida Department of Corrections.   Therefore, the Florida Attorney General will be dismissed from this action.

782, 792 (2001).   Consequently, post-AEDPA law governs this action.   Abdul-Kabir, 550 U.S. at 246; Penry, 532 U.S. at 792; Davis v. Jones, 506 F.3d 1325, 1331, n.9 (11th Cir. 2007). Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).   This standard is both mandatory and difficult to meet.   White v. Woodall, 134 S. Ct. 1697, 1702 (2014).   A state court's summary rejection of a claim, even without explanation, qualifies as an adjudication on the merits which warrants deference.   Ferguson v. Culliver, 527 F.3d 1144, 1146 (11th Cir. 2008).

"Clearly established federal law" consists of the governing legal principles, rather than the dicta, set forth in the decisions of the United States Supreme Court at the time the state court issues its decision.   White, 134 S. Ct. at 1702; Carey v. Musladin, 549 U.S. 70, 74 (2006) (citing Williams v. Taylor, 529 U.S. 362, 412 (2000)).   A decision is "contrary to" clearly established

federal law if the state court either: (1) applied a rule that
contradicts the governing law set forth by Supreme Court case law;
or (2) reached a different result from the Supreme Court when faced
with materially indistinguishable facts. Ward v. Hall, 592 F.3d
1144, 1155 (11th Cir. 2010); Mitchell v. Esparza, 540 U.S. 12, 16
(2003).

A state court decision involves an "unreasonable application"
of the Supreme Court's precedents if the state court correctly
identifies the governing legal principle, but applies it to the
facts of the petitioner's case in an objectively unreasonable
manner, Brown v. Payton, 544 U.S. 133, 134 (2005); Bottoson v.
Moore, 234 F.3d 526, 531 (11th Cir. 2000), or "if the state court
either unreasonably extends a legal principle from [Supreme Court]
precedent to a new context where it should not apply or
unreasonably refuses to extend that principle to a new context
where it should apply." Bottoson, 234 F.3d at 531 (quoting
Williams, 529 U.S. at 406). The unreasonable application inquiry
"requires the state court decision to be more than incorrect or
erroneous," rather, it must be "objectively unreasonable."
Lockyer v. Andrade, 538 U.S. 63, 75-77 (2003) (citation omitted);
Mitchell, 540 U.S. at 17-18; Ward, 592 F.3d at 1155. Petitioner
must show that the state court's ruling was "so lacking in
justification that there was an error well understood and
comprehended in existing law beyond any possibility for fairminded

disagreement." White, 134 S. Ct. at 1702 (quoting Harrington v. Richter, 562 U.S. ___, 131 S. Ct. 770, 786-787 (2011)).

Finally, the Supreme Court has stated that "a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding[.]" Miller-El v. Cockrell, 537 U.S. 322, 340 (2003) (dictum). When reviewing a claim under § 2254(d), a federal court must bear in mind that any "determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); see, e.g., Burt v. Titlow, 134 S. Ct. 10, 15-16 (2013); Miller-El, 537 U.S. at 340 (explaining that a federal court can disagree with a state court's factual finding and, when guided by AEDPA, "conclude the decision was unreasonable or that the factual premise was incorrect by clear and convincing evidence").

**B.  Ineffective Assistance of Counsel**

Ineffective assistance of counsel claims are reviewed under the standards established by 28 U.S.C. § 2254(d). Newland v. Hall, 527 F.3d 1162, 1183 (11th Cir. 2008). Post-AEDPA, the standard set forth in Strickland v. Washington, 466 U.S. 668 (1984), remains applicable to the claims of ineffective assistance

of counsel raised in this case.  Newland, 527 F.3d at 1184.  In Strickland, the Supreme Court established a two-part test to determine whether a convicted person is entitled to habeas relief on the grounds that his or her counsel rendered ineffective assistance: (1) whether counsel's representation was deficient, i.e., "fell below an objective standard of reasonableness" "under prevailing professional norms," which requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment"; and (2) whether the deficient performance prejudiced the defendant, i.e., there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different, which "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."  Strickland, 466 U.S. at 688; see also Bobby v. Van Hook, 558 U.S. 4, 8 (2009); Cullen v. Pinholster, 131 S. Ct. at 1403 (2011).

States may "impose whatever specific rules . . . to ensure that criminal defendants are well represented," but "the Federal Constitution imposes one general requirement: that counsel make objectively reasonable choices."  Bobby Van Hook, 558 U.S. at 9 (internal quotations and citations omitted).  It is petitioner who bears the heavy burden to "prove, by a preponderance of the evidence, that counsel's performance was unreasonable."  Jones v.

Campbell, 436 F.3d 1285, 1293 (11th Cir. 2006). A court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct," Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (quoting Strickland, 466 U.S. at 690), applying a "highly deferential" level of judicial scrutiny. Id. A court must adhere to a strong presumption that "counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689. "To state the obvious: the trial lawyers, in every case, could have done something more or something different. So, omissions are inevitable. But, the issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'" Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000)(quoting Burger v. Kemp, 483 U.S. 776, 794 (1987)).

"Establishing that a state court's application of Strickland was unreasonable under § 2254(d) is all the more difficult." Mendoza v. Sec'y, Fla. Dep't of Corr., ____ F.3d _____, 2014 WL 3747685 (11th Cir. July 31, 2014)(quoting Richter, 131 S. Ct. at 788). "Where the highly deferential standards mandated by Strickland and AEDPA both apply, they combine to produce a doubly deferential form of review that asks only whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Id. (quoting Downs v. Sec'y, Fla. Dep't of Corr., 738 F.3d 240, 258 (11th Cir. 2013)). "The question is

not whether a federal court believes the state court's determination under the Strickland standard was incorrect but whether that determination was unreasonable—a substantially higher threshold." Id. (citing Knowles, 556 U.S. at 123). If there is "any reasonable argument that counsel satisfied Strickland's deferential standard," then a federal court may not disturb a state court decision denying the claim. Id. (citing Richter, 131 S. Ct. at 788). Finally, it is well established that the Strickland standard applies to ineffective assistance of counsel claims in the plea bargaining context. Gissendaner v. Seaboldt, 735 F.3d 1311, 1317 (11th Cir. 2013)(citations omitted).

## II.  Findings of Fact and Conclusions of Law

This Court has carefully reviewed the record and, for the reasons set forth below, concludes no evidentiary proceedings are required in this Court. Schriro v. Landrigan, 550 U.S. 465, 127 S. Ct. 1933, 1939-40 (2007). Petitioner does not proffer any evidence that would require an evidentiary hearing, Chandler v. McDonough, 471 F.3d 1360 (11th Cir. 2006), and the Court finds that the pertinent facts of the case are fully developed in the record before the Court. Schriro, 550 U.S. at 474; Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), cert. denied, 541 U.S. 1034 (2004).

The petition raises two grounds of ineffective assistance of counsel, both of which relate to the out-of-court identification of Petitioner as the burglar.  In ground one, Petitioner alleges:

> Ineffective assistance of counsel for failing to investigate the facts and move the court to suppress the identification evidence, where the police displayed the defendant to the victim in an impermissibly and unnecessarily suggestive show-up identification procedure that violated defendant's right to due process, contrary to the Sixth and Fourteenth Amendments to the U.S. Constitution.

Petition at 4.  In Response, Respondent refers the Court to the post-conviction court's order denying Petitioner relief on this claim.  Response at 13.  Referring to the evidence introduced during the post-conviction court's evidentiary hearing, Respondent argues that the State court's decision was not contrary to or an unreasonable application of Strickland.  Id.  Nor was the state court's decision unreasonable based on the facts presented.  Id.

A review of the record reveals that Petitioner raised this claim in his post-conviction motion filed pursuant to Florida Rule of Criminal Procedure 3.850.  The post-conviction court appointed Petitioner counsel and held an evidentiary hearing.  See Exh. 18. After the evidentiary hearing and hearing testimony from Petitioner's trial counsel, the post-conviction court issued a written order denying Petitioner relief finding as follows:

> As to **Ground 1**, Defendant asserts that trial counsel was ineffective for failing to file a motion to suppress the victim's "show-up" out-

of-court identification of Defendant.
Postconviction relief for ineffective
assistance of counsel for failing to file a
motion to suppress an out-of-court
identification requires evidence that the
motion to suppress would be granted and that
the result of the trial would have been
different without the out-of-court
identification. <u>Strobridge v. State</u>, 1 So.
3d 1240, 1242 (Fla. 4th DCA 2009). At the
evidentiary hearing, trial counsel testified
that she did not believe a motion to suppress
the out-of-court identification of Defendant
would have been successful. Trial counsel
testified that the victim and the deputy that
apprehended Defendant identified [the
Defendant]⁴ at trial. In fact, the record
reflects that the victim and Lee County Deputy
Jean Torres identified Defendant at the trial.
(T. 105, 130-31). The Court finds that even
if trial counsel had filed a motion to
suppress the out-of-court identification of
Defendant and even if the motion would have
been granted, no evidence was presented that
the result of the trial would have been
different.

Exh. 17 at 2-3 (emphasis in original). Petitioner appealed the

adverse result. Exh. 18-19. The appellate court *per curiam*

affirmed the post-conviction court's decision. Exh. 22.

As set forth above, <u>Strickland</u> guides this Court's analysis

of Petitioner's ineffective assistance of counsel claim. "The

reasonableness of a counsel's performance is an objective

inquiry." <u>Chandler</u>, 218 F.3d at 1315. The proper inquiry is

---

⁴A scrivener's error is contained in the post-conviction
court's order, which accidently refers to "the victim" as the
person identified in court, instead of the defendant. <u>See</u> Exh.
18 at 2. The next sentence in the post-conviction court's order
clarifies this point. <u>Id.</u>

"whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial." White v. Singletary, 972 F.2d 1218, 1220 (11th Cir. 1992). "We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately." Id. at 1221.

"An eyewitness identification may constitute a due process violation if the identification procedures were 'unnecessarily suggestive and conducive to irreparable mistaken identification.'" Irwin v. McDonough, 243 F. App'x 486, 492 (11th Cir. 2007)(citing Stovall v. Denno, 388 U.S. 293, 302 (1967); Manson v. Brathwaite, 432 U.S. 98, 104 (1977); Neil v. Biggers, 409 U.S. 188, 196 (1972)). "The fact that the identification procedure used was suggestive, alone, does not violate due process." Id. (citing Neil, 409 U.S. at 198-99). The core question is whether under the totality of the circumstances, the in-court identification was reliable. Jones v. Newsome, 846 F.2d 62, 64 (11th Cir. 1988); see also Figueroa v. Sec'y D.O.C., 2008 WL 4371359 (M.D. Fla. Sept. 22, 2008)(analyzing ineffective assistance of counsel claim for failing to file a motion to suppress in-court identification). In Neil v. Biggers, 409 U.S. 188, 199 (1972), the United States Supreme Court identified the following factors for the court to consider when determining the reliability of an identification: (1) whether the witness had the opportunity to view the criminal

at the time of the crime; (2) the degree of attention by the witness; (3) the accuracy of the witness's proper description; (4) the level of certainty displayed by the witness; and (5) the length of time between the crime and the identification. Id. at 199; see also Hawkins v. Sec'y Fla. Dep't of Corr., 219 F. App'x 904 (11th Cir. 2007)(affirming district court's order denying relief that trial court erred when it suppressed out-of-court identification, but permitted in-court identification).

Based on the record before the Court, the state court's decision that trial counsel's actions were not deficient, did not involve an unreasonable application of clearly established United States Supreme Court precedent, nor was it objectively unreasonable. Although not specifically cited, the post-conviction court correctly applied Strickland as the governing legal standard and reasonably applied it to the facts presented during the evidentiary hearing. During the evidentiary hearing, the victim testified that she *viewed* Petitioner's profile in his home, chased him from the scene initially by foot, and returned to the house finding that the burglar left his bike there. Exh. 16, p. 20, 30-33, 36-37, 41. The victim then saw Petitioner for the second time, when he returned to the victim's house to retrieve his bike, at which time a second chase ensued. Within ten minutes of calling 9-1-1, the victim identified Petitioner as the burglar, and prior to that described the burglar as a clean-shave white

male, who was wearing all black pants, riding a mountain bike. Additionally, the victim later identified the mountain bike and the missing handgun (that was found nearby where Petitioner was stopped by law enforcement).  The police officer, who stopped Petitioner on the mountain bike less than a mile from the victim's home, said he matched the BOLO description released through dispatch.  Exh. 4 at 139-140.  Because Petitioner does not establish that his counsel was deficient under the first prong of Strickland in failing to move to suppress the out-of-court identification, it is unnecessary to address the second prong of whether his counsel's conduct prejudiced his defense. Consequently, the Court denies Petitioner relief on ground one.

In ground two, Petitioner argues that defense counsel rendered ineffective assistance by failing to investigate the use of an expert to testify about eye witness identification. Petition at 13.  Petitioner asserts that an expert about eye witness identification could have informed the jury about the inaccuracy of eyewitness identification.  Id.  Petitioner believes the state court would have permitted an expert.  Id. at 14.  In Response, Respondent argues that the Court should dismiss the claim as vague and conclusory.  Response at 17.  Respondent suggests that Petitioner does not identify any matter which the expert would have, if adduced, called into question about law enforcement's identification procedure. Id.  Further, Respondent

asserts that Petitioner improperly engages in hindsight collateral lawyering.  Id. at 18 (citing Horsley v. Alabama, 45 F.3d 1486, 1495 (11th Cir. 1995) ("That experts were found who would testify favorably years later is irrelevant.").

A review of the record reveals that Petitioner raised this claim in his post-conviction motion filed pursuant to Florida Rule of Criminal Procedure 3.850.  The post-conviction court summarily denied Petitioner relief on this claim, finding as follows:

> Defendant attempts to support his Ground Two claim by relying, in error, upon concurring opinions in Simmons v. State, 934 So. 2d 1100 (Fla. 2006), McMullen v. State, 714 So. 2d 368 (Fla. 1998), and Johnson v. State, 438 So. 2d 774 (Fla. 1983).  In Simmons, the appellant argued that the trial court erred in refusing to admit expert testimony of a certain Dr. John Brigham concerning the physical factors that contribute to erroneous witness identifications when law enforcement officers use suggestive techniques.  In the controlling opinion of Simmons, the Florida Supreme Court compared this claim to similar claims in Johnson and McMullen,
>
> > In Johnson v. State, 438 So. 2d 774 (Fla. 1983) [citations omitted], this court found no error in a trial court's refusal to allow such expert testimony:
> >
> > > A trial court has wide discretion concerning the admissibility of evidence and the range of subjects about which an expert can testify. Expert testimony should be excluded when the facts testified to are of such nature as not to require any

> special knowledge or
> experience in order for the
> jury to form its conclusions.
> We hold that a jury is fully
> capable of assessing a
> witness' ability to perceive
> and remember, given the
> assistance of cross-
> examination and cautionary
> instructions, without the aid
> of expert testimony.

> _Id._ at 777 (citation omitted).
> Subsequently, in _McMullen v. State_, 714
> So. 2d 368 (Fla. 1998), this Court
> considered whether the same expert
> witness, Dr. Brigham, was improperly
> excluded as a witness when offering
> similar testimony. This Court concluded
> "that the admission of such testimony is
> within the discretion of the trial judge
> and that . . . the trial judge did not
> abuse that discretionary authority by
> refusing to allow the introduction of
> the expert testimony." _Id._ at 369.
> This Court stated in _McMullen_ that
> Florida follows the "discretionary" view
> articulated in _Johnson_ regarding the
> admissibility of expert witness
> testimony concerning the reliability of
> eyewitness testimony. _Id._ at 370-71.
> Dr. Brigham stated in his proffered
> testimony in the present case that he
> would testify at trial to issues similar
> to those in _McMullen_. Under our case
> law we conclude the trial judge did not
> abuse his discretion in disallowing Dr.
> Brigham's testimony.

_Simmons_, 934 So. 2d at 1116-17. In the case
at bar, this Court finds that the facts
testified to by the victim regarding the
identification of Defendant are of such nature
as not to require any special knowledge or
experience in order for the jury to form its
conclusions. Further, the jury was fully
capable of assessing the victim's ability to

> perceive and remember, given the assistance of cross-examination and cautionary instructions, without the aid of expert testimony. <u>See</u> attached expert of trial proceedings transcript, pages 102-20, 170-72, and 217-18. Defendant has not identified any particular act or omission of trial counsel that can be shown to be outside the broad range of reasonably competent performance under prevailing professional standards. Since Defendant has not alleged facts sufficient to establish clear, substantial deficient performance of counsel, the Court finds that Defendant's Ground Two claim is facially insufficient and cannot reasonably be amended in good faith to state a sufficient claim. <u>See</u> <u>Spera v. State</u>, 971 So. 2d 754 (*Fla. 2007) (permitting post-conviction movants to amend claims "only if they can be amended in good faith.").

Exh. 15 at 2-3.

Based on the record before the Court, the state court's decision that trial counsel's actions were not deficient, did not involve an unreasonable application of clearly established United States Supreme Court precedent, nor was it objectively unreasonable. The post-conviction court correctly applied <u>Strickland</u> as the governing legal standard and reasonably applied it to the facts presented during the evidentiary hearing. The post-conviction court's opinion reveals that if defense counsel had moved for such an expert, the court would have denied it. The victim's testimony described how he identified the Defendant and those facts did not to require any special knowledge or experience for the jury to form its conclusions. Additionally, the post-

conviction court found that the jury was fully capable of assessing the victim's ability to perceive and remember, given the assistance of cross-examination and cautionary instructions, without the aid of expert testimony. Defense counsel's performance cannot be deemed deficient for failure to raise a meritless motion. Chandler v. Moore, 240 F.3d 907, 916 (11th Cir. 2001). Moreover, the likelihood of misidentification by the victim was brought to the jury's full attention through cross-examination. Petitioner cannot show the required prejudice under Strickland by counsel's failure to call an expert witness. See Jones v. Smith, 772 F.2d 668, 674 (11th Cir. 1985) (affirming denial of ineffective assistance of counsel claim when defense counsel did not call an expert to testify as to eyewitness identification). Accordingly, Petitioner is denied relief on ground two.

ACCORDINGLY, it is hereby

**ORDERED:**

1. The Florida Attorney General is **DISMISSED** as a named Respondent.

2. The Petition for Writ of Habeas Corpus (Doc. #1) is **DENIED.**

3. The Clerk of Court shall terminate any pending motions, enter judgment accordingly, and close this case.

**CERTIFICATE OF APPEALABILITY AND
LEAVE TO APPEAL *IN FORMA PAUPERIS* DENIED**

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability on either petition.  A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA").  28 U.S.C. § 2253(c)(1); Harbison v. Bell, 556 U.S. 180, 184 (2009).  "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) or, that "the issues presented were adequate to deserve encouragement to proceed further", Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003)(citations and internal quotation marks omitted).  Petitioner has not made the requisite showing in these circumstances.  Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Fort Myers, Florida on this   24th   day of November, 2014.

JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

SA: alr
Copies: All Parties of Record